# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1989 | **DATE** | 10/31/2003 |
| **CASE TITLE** | JOHN SPILLANE, et al vs. COMMONWEALTH EDISON CO., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies defendants' Motion to Dismiss [14-1] and grants plaintiff's motion to amend [23-1, 23-2]. Defendants are given to and including 11/14/03 within which to answer or otherwise plead to amended complaint. Status hearing set for 11/19/03 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | NOV 04 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SPILLANE, KARRI SPILLANE, SCOTT RUTLEDGE, and CHERILYN RUTLEDGE, individuals<br>Plaintiffs<br>v.<br><br>COMMONWEALTH EDISON COMPANY, a corporation; and NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS COMPANY, a corporation,<br>Defendants. | 03 C 1989<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, John and Karri Spillane and Scott and Cherilyn Rutledge, have brought suit alleging violation of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6987 (2003), against defendants Commonwealth Edison Company and Northern Illinois Gas Company. Defendants move to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1), urging the Court to abstain from exercising jurisdiction under either the *Burford* or *Colorado* abstention doctrines, or in the alternative, under the primary jurisdiction doctrine. Defendants further move to dismiss alleging plaintiffs' failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, plaintiffs move to amend their complaint against defendants. For the reasons set forth below, the Court denies defendants' motion to dismiss, and, grants plaintiffs' motion to amend its complaint.

## FACTS

Plaintiffs filed suit in this Court against defendants as successors in interest of various utilities including Cicero Gas Company, Northwestern Gas Light and Coke Company and the

1

30

Public Service Company of Northern Illinois. The initial complaint includes one count under RCRA. The amended complaint contains two additional counts under the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq*.

Both parties are in agreement that a portion of land in Oak Park, Illinois known as Barrie Park, former site of a manufactured gas plant, is in need of environmental remediation. Defendants have proceeded to effect remediation of that particular site under Illinois Environmental Protection Agency's ("IEPA") Site Remediation Program ("SRP"). The dispute between the parties focuses on whether the delimited area proposed by defendants adequately represents the extent of land that should be considered contaminated under federal and state standards and whether the current remediation efforts have been appropriate or adequate even within the limited site. Plaintiffs allege that the Barrie Park site as currently defined by defendants' filings with IEPA underrepresent the area of contamination. Plaintiffs further allege that current remediation efforts are both insufficient and are in themselves causing the spread of further contamination from the designated site to the surrounding area.

Prior to filing the instant suit, a class including plaintiffs sued the City of Oak Park, the Oak Park Park District, and defendants in the Circuit Court of Cook County. In that suit, the plaintiffs allege a variety of torts including, private nuisance, trespass, negligence, and conspiracy to maintain a nuisance and to commit trespass. At present, an injunction against the defendants in that case that had earlier been issued by the Circuit Court of Cook County has been lifted with reference to the subsequently filed case currently before this Court.

## DISCUSSION

Defendants argue that the complaint should be dismissed in its entirety for lack of subject matter jurisdiction and for failure to state a claim. The Court will address each argument in turn.

### I. Motion to Abstain

Where jurisdiction is found as defined by congressional action, a court cannot abdicate its "authority or duty in any case in favor of another jurisdiction." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358 (1989). "When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." *Willcox v. Consol. Gas Co.*, 212 U.S. 19, 40 (1909). Only in exceptional cases may a court exercise its discretion to withhold otherwise authorized equitable relief. *New Orleans*, 491 U.S. at 359. Only in a limited class of cases, where undue interference with state proceedings will result, may a court abstain from jurisdiction. *Id.*

By arguing that the Court should abstain from considering any of the counts of the Complaint under the abstention doctrines pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315, 332-33 (1943), and *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976), defendants implicitly acknowledge that RCRA is a federal cause of action over which this Court has jurisdiction. Notwithstanding, defendants assert that the exercise of federal jurisdiction in this matter should be declined because: (1) such exercise would unduly interfere with state law, policy and administration; (2) such exercise would be duplicative of a suit currently pending before the Cook County District Court; and (3) the subject matter of the dispute is one of primarily local concern, subject to ongoing IEPA administration.

3

Plaintiffs argue that their claims in the suit before the Court are based on federal claims, and should thus be heard distinct from any pending state suit. Further, plaintiffs allege that the defendants' participation in IEPA's voluntary SRP program does not place defendants within a complex web of state government administration. Plaintiffs further argue that the cleanup of hazardous waste is of national concern, subject to an extensive program of preemptive federal laws.

Federal courts have a "virtually unflagging" duty to exercise the jurisdiction conferred upon them by Congress. *New Orleans*, 491 U.S. at 359 (internal quotations omitted). Such abstention is within the discretion of the court, but it should only be exercised under exceptional circumstances. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 710 (1996). *Burford* abstention should be considered only when a danger exists that federal court review would "disrupt the State's attempt to ensure uniformity in the treatment of an 'essentially local problem.'" *New Orleans*, 491 U.S. at 362; *Alabama Pub. Serv. Comm'n v. Southern Ry. Co.*, 341 U.S. 341, 347 (1951). *Colorado River* abstention may be appropriate only if truly duplicative state proceedings are also underway. *Morton Coll. Bd. of Trs. of Ill. Community Coll. Dist. No. 527 v. Town of Cicero*, 18 F. Supp. 2d 921, 929 (N.D. Ill. Sept. 1, 1998); *see also Baskin v. Bath Township Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994).

In either case, the burden of persuading the court lies not in a party convincing the court that it should exercise abstention, but in a party convincing the court that "exceptional" circumstances exist that would clearly justify such abstention. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25-26 (1983); *see Arizona v. San Carlos Apache Tribe of Arizona*, 463 U.S. 545, 566 (1983).

4

## A. *Burford* Abstention

*Burford* abstention involves situations where there exist "'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'" or where the federal case "'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Burford*, 491 U.S. at 361 (quoting *Colorado River*, 424 U.S. at 814). The Seventh Circuit has stated that a district court should consider the following factors when determining whether to abstain pursuant to *Burford*:

> (1) whether the suit is based on a cause of action which is exclusively federal; (2) whether difficult or unusual state laws are at issue; (3) whether there is a need for coherent state doctrine in the area; and (4) whether stated procedures indicate a desire to create special state forums to adjudicate the issues presented.

*Time Warner Cable v. Doyle*, 66 F.3d 867, 874 n.6 (7th Cir. 1995); *see also Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 708-09 (7th Cir. 1991).

### 1. Exclusively Federal

In the present suit, RCRA provides that actions be brought in "the district court in which the alleged violation occurred or the alleged endangerment may occur." 42 U.S.C. § 6972(a)(2). This is exclusively federal jurisdiction, hence there can be no timely or adequate state court review of plaintiffs' RCRA claim. *White & Brewer Trucking, Inc. v. Donley*, 952 F. Supp. 1306, 1312 (C.D. Ill. 1997). As a result, this factor weighs against *Burford* abstention.

### 2. Difficult or Unusual State Laws

Defendants assert the IEPA's SRP program is part of a complex and comprehensive regulatory and statutory scheme for environmental issue. *See* 415 ILL. COMP. STAT. 5/1 *et seq.*

5

Therefore, defendants argue that their present participation in the SRP program preempts any claims against them. There has been a great deal of disagreement among the courts as to whether *Burford* abstention applies in the context of environmental remediation. *New Orleans*, 491 U.S. at 362; *see Coalition for Health Concern v. LWD, Inc.*, 60 F.3d 1188, 1194 (6th Cir. 1995) (abstaining under *Burford* where plaintiffs alleged state official failed to apply or misapplied his lawful authority under Kentucky law and under RCRA concerning the issuance of hazardous waste disposal facility permit); *Palumbo v. Waste Techs. Indus.*, 989 F.2d 156, 159-60 (4th Cir. 1993) (abstaining under *Burford* where plaintiffs challenged under RCRA Ohio EPA's decisions regarding hazardous waste permits due to a complex state regulatory system and tribunal). *But see PMC, Inc., v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998) (stating abstention should not be used to provide litigants an "end run around RCRA"); *Craig Lyle Ltd. P'ship v. Land O'Lakes, Inc.*, 877 F. Supp. 476, 484 (D. Minn. 1995) (holding solid and hazardous waste are national rather than "essentially local" problem and declining to abstain under *Burford*).

Within the Seventh Circuit there has been general agreement that RCRA actions are not precluded by the mere existence of a state agency designated to protect the environment. *Morton*, 18 F. Supp. 2d at 928; *see PMC*, 151 F.3d at 618 (rejecting notion that state law can rely on savings clause to nullify provisions of environmental statute).[1] Defendants assert that its participation in a non-compulsory clean up under the nominal overview of the IEPA inextricably involves them in a complex web of state regulation and law. The Court is not persuaded. Short of state legal or other formal agency proceedings against a defendant, the difficulty of

---

[1] It appears that one reason for dismissing a RCRA suit would be if the state were already diligently prosecuting a RCRA or CERCLA action. 42 U.S.C. § 6972(b)(2)(C); *see id.* § 6972(a)(1)(B).

6

determining just what agency action or overview is sufficient to cause the court to abstain under *Burford* is too great, and beyond what Congress intended when it enacted RCRA. *See PMC*, 151 F.3d at 618-19 ("We'd rather not get into those questions, and we don't think that Congress intended us to."). As a result, this factor weighs against *Burford* abstention.

### 3. Need for Coherent State Doctrine

"While *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans*, 491 U.S. at 362 (quoting *Colorado River*, 424 U.S. at 815-16). The likelihood that conflict exists between the goals of Illinois and the federal government with respect to environmental policy is nominal, especially in light of the Illinois Environmental Act which states "that because environmental damage does not respect political boundaries, it is necessary to establish a unified state-wide program for environmental protection and to cooperate fully with other States and with the United States in protecting the environment." 415 Ill. Comp. Stat. 5/2 sec. 2 (ii). Defendants have failed to indicate how adjudication in this case would interfere with the state's environmental policies or goals.

Additionally, while Illinois' interest in protecting the environment is undoubtedly keen, and while it has developed policies to promote that interest, that interest does not override federal interest in the subject. *White*, 952 F. Supp. at 1314. RCRA clearly indicates that its application via a citizen suit can may be precluded by prior state prosecution of another federal cause of action (RCRA, CERCLA) or if a state is presently engaged in a removal action pursuant to

7

CERCLA. 42 U.S.C. §§ 6972(b)(2)(B), (C). Neither is the case here. Hence, this factor also weighs against *Burford* abstention.

### 4. Special State Forum

The Illinois Pollution Control Board exists to adjudicate environmental violations and complaints brought to it. 415 ILL. COMP. STAT. 5/3.04; *id.* 5/5. However, the instant case does not involve such an adjudication, and plaintiffs are not first required to seek satisfaction via that forum. Nor can IEPA's SRP program be characterized as an adjudicatory state forum. As such, no special state forum of first instance is at stake.

Alternatively, defendants argue plaintiffs' pending state suit would provide equivalent relief to what Plaintiffs are seeking under RCRA, satisfying the need for adjudication. But RCRA does not require plaintiffs to exhaust state remedies prior to initiating federal proceedings. 42 U.S.C. § 6972 (f).[2] The availability of a variety of possible state forums does not indicate that there is a single special state forum designed to address plaintiffs' claims.

The central question that must be considered is whether the instant case involves "exceptional circumstances" where federal court review would disrupt a coordinated administrative effort by a state agency. It must be answered in the negative. The SRP is obviously a valuable state program, encouraging voluntary, independent, privately funded clean up of hazardous sites. However, "[u]ltimately, what is at stake is the interest of the federal court in retaining jurisdiction, especially in matters involving federal rights, versus the state's interest in adjudicating issues best handled in a state forum and the state's interest in maintaining uniformity in the treatment of local problems." *White*, 952 F. Supp. at 1314 (citing

---

[2] The only jurisdictional restraints on a RCRA citizen suit is if the State or Agency has commenced prosecution or is diligently cleaning up a site under RCRA or CERCLA. 42 U.S.C. § 6972 (b)(1)(2)(A) – (C).

8

*Quackenbush*, 517 U.S. at 727). As "local" as the physical location of hazardous waste may be, hazardous waste is an issue of national concern, subject to extensive federal regulation, law and oversight. Accordingly, this Court declines to invoke *Burford* abstention in this case.

### B. Primary Jurisdiction

Defendants argue in the alternative that the Court should defer to IEPA under the theory of primary jurisdiction. This abstention doctrine is very closely related to *Burford* abstention and is based on judicial deference to agency expertise and adjudicatory powers and removes plaintiffs from the courts to an agency hearing in the first, and often last resort. *PMC*, 151 F.3d at 619. For the same reasons discussed above with regard to *Burford*, abstention under the primary jurisdiction doctrine is not warranted here. RCRA is a federal statute with explicitly federal jurisdiction. 42 U.S.C. § 6972(a) (2003). To follow this theory "would be an end run around RCRA." *PMC*, 151 F.3d at 619.

The SRP program is not an enforcement proceeding pursuant to RCRA or even a state law. It is a voluntary program whose parameters are largely defined by participants. Accordingly, the Court denies defendants' motion to dismiss based on the primary jurisdiction doctrine.

### C. *Colorado River* Abstention

Defendants also urge abstention under the *Colorado River* abstention doctrine. The fundamental purpose of this doctrine is the promotion of "[w]ise judicial administration" and the avoidance of conflicting and duplicative litigation. *Colorado River*, 424 U.S. at 817 (internal quotations omitted); *see Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406,

9

409-10 (7th Cir. 1996), *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992); *Morton*, 18 F. Supp. at 929. The Supreme Court has repeatedly admonished that only the "clearest of justifications . . . can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses Cone*, 460 U.S. at 25-26 (internal quotations omitted); *see Colorado*, 424 U.S. at 818-19.

Parallel suits under *Colorado River* need not be identical. They only need involve substantially the same parties and substantially the same issues in a contemporaneous state suit. *Morton*, 18 F. Supp. at 929. If the suits are parallel, the district court must consider a list of factors to determine if a stay is appropriate. *Id.* These factors are:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti & Iatarola*, 962 F.2d at 701 (internal quotations omitted). None of the above factors is dispositive. *Colorado River*, 424 U.S. at 818. Each must be carefully considered, "taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise." *Id.* at 818-19.

In the instant case, plaintiffs and defendants are parties both to this suit and to a pending suit in circuit court. The suit in circuit court consists of tort claims, while this one consists of federal RCRA claims. Defendants argue that the facts plead are "nearly identical" and the relief sought is "the exact same relief," thereby qualifying the cases as parallel. (Utilities' Joint Reply Mem. Supp. Mot. Dismiss at 5, 6-7.) Defendants argue that the two cases should be characterized as having the same general aim. That aim is to require forcing defendants either to

10

amend their site remediation or to provide funds for others to complete a more extensive survey and remediation.

However, this is a question the Court need not resolve. Even if the Court were to consider the suits parallel, the Court finds that the balance of relevant factors weigh against abstention.

Neither of the first two factors is significant to this Court's analysis. There is no state jurisdiction over property, and state and federal forums are equally convenient. Only the third and fourth factors weigh slightly in favor of abstention. As for the remaining factors, RCRA is a federal statute that cannot be litigated in state court. At present, the state suit is effectively on hold pending this Court's determination. Contrary to defendants' repeated assertion of the meritlessness of plaintiffs' suit, plaintiffs have made sufficient showing that their claims state a cause of action under the federal statute.

Given the above, the Court finds that abstention is not warranted under *Colorado River*. Defendants have not met the burden of proving to the Court that exceptional circumstances exist.

### III. Motion to Dismiss for Failure to State a Claim

A dismissal pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim on which relief may be granted." *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002). This is a liberal standard of review in which the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

Defendants move for dismissal under Rule 12(b)(6) on two grounds. First, defendants allege that plaintiffs cannot show "imminent and substantial endangerment" as required by RCRA. 42 U.S.C. § 6972 (a)(1)(B). Second, defendants allege that their participation in IEPA's SRP program removes any such imminent and substantial endangerment.

In pertinent part RCRA provides a cause of action against a

> past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present *an imminent and substantial endangerment to health or the environment.*

*Id.* (emphasis added).

"To make out a prima facie claim under RCRA, a plaintiff must allege (1) that the defendant has generated solid or hazardous waste, (2) that the defendant is contributing to or has contributed to the handling of this waste, and (3) that this waste may present an imminent and substantial danger to health or the environment." *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002); *see* 42 U.S.C. § 6972. The first two elements are not at issue here. The question is whether the third is sufficiently alleged.

"Imminence does not require an existing harm, only an ongoing threat of future harm." *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 972 (7th Cir. 2002). It "implies that there must be a threat which is present *now*, although the impact of the threat may not be felt until later." *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 486 (1996).

Here, plaintiffs' complaint makes such an allegation. Thus, all three necessary elements are present.

As for the assertion that defendants' participation in the SRP program removes any "imminent and substantial endangerment," the Court noted above that voluntary, self-funded

12

participation in a state program does not preclude a simultaneous federal suit. The fact that the voluntary remediation may be ongoing does not moot the issue of endangerment. Part of the harm alleged arises directly from the cleanup activities.

Nor, as defendants argue, do present remediation activities bar a RCRA suit. (See Utilities' Joint Reply Mem. Supp. Mot. Dismiss at 13.) "RCRA offers a private citizen a choice of two remedies: 'a mandatory injunction, i.e., one that orders a responsible party to 'take action' by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, i.e., one that 'restrains' a responsible party from further violating RCRA." *Avondale Fed. Sav. Bank v. Amoco Oil Co.*, 170 F.3d 692, 694 (7th Cir. 1999) (quoting *Meghrig*, 516 U.S. at 484). What plaintiffs do not seek, and what RCRA does not allow, is compensation for past cleanup efforts. *Meghrig*, 516 U.S. at 484 ("Neither remedy ... contemplates the award of past cleanup costs."); *Avondale*, 170 F.3d at 694 (Congress deliberately limited RCRA's remedies to injunctive relief-- more specifically, injunctive relief obtained before the property is cleaned up, while the danger to health or the environment is "imminent and substantial"). There is nothing to prevent a RCRA suit for injunctive relief where no agency or state prosecution or financed cleanup under RCRA or CERCLA is underway. *See* 42 U.S.C. § 6972(b). Further, the Court finds that the cases on which defendants rely with regard to the declaratory and injunctive relief plaintiffs seek do not speak to the precise issue in the instant case. One of the issues in this case is whether there has been a proper investigation with regard to the contamination, which brings into question whether the level and degree of ongoing remediation is appropriate. Hence, the Court denies defendants' motion to dismiss for failure to state a claim.

## II. Motion to Amend Complaint

Fed. R. Civ. P. 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). There is an absolute right to amend once prior to a responsive pleading, and no leave of court is necessary. *Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir. 1986); *Fuhrer v. Fuhrer*, 292 F. 2d 140, 143 (7th Cir. 1961). Further, a motion to dismiss is not a responsive pleading for the purposes of Rule 15. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

The only possible reasons the Court might refuse such an amendment is if the amended complaint failed to state a claim upon which relief could be granted, or if procedurally the amending party were not entitled to the relief requested. *Fuhrer*, 292 F. 2d at 143. Neither is the case here. The amendment adds two CERCLA claims. In pertinent part, CERCLA allows any person to commence a civil action on his own behalf "against any person . . . who is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to this chapter." 42 U.S.C. § 9659(a)(1). Plaintiffs allege that defendants are in violation of the notice requirements and national contingency plan requirements under CERCLA, *see* 42 U.S.C. §§ 9603(c), 9605(a), and the allegations are sufficient to put defendants on notice of plaintiffs' CERCLA claims against them. Further, for reasons similar to those enunciated above, the Court does not find abstention appropriate with regard to plaintiffs' CERCLA claims. Accordingly, the Court grants plaintiffs' motion to amend.

## CONCLUSION

For the reasons set forth above, the Court denies defendants' Motion to Dismiss [doc. no. 14-1], and grants plaintiff's motion to amend [doc. nos. 23-1, 23-2].

**SO ORDERED**  ENTERED: 10/31/03

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
**United States Judge**